YOUNG, Plaintiff in error, v. STATE, Defendant in error.

*No. State 32. Argued December 3, 1970.—Decided January 5, 1971.*
(Also reported in 182 N. W. 2d 262.)

[13] *State v. Kramer* (1969), 45 Wis. 2d 20, 171 N. W. 2d 919; *Woodhull v. State* (1969), 43 Wis. 2d 202, 168 N. W. 2d 281.

For the plaintiff in error there were briefs and oral argument by *Alan C. Cole* of La Crosse.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Burleigh A. Randolph,* district attorney of La Crosse county.

ROBERT W. HANSEN, J.   The defendant seeks reversal because he did not receive probation, the sentence "contemplated" by the plea bargain which led to the change of plea.

Reliance is placed upon manifest injustice standard relating to withdrawal of guilty pleas,[1] approved by this court,[2] particularly the fourth fact situation therein referred to:

"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

". . .

"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement."[3]

As to a defendant agreeing to enter a plea of guilty or nolo contendere if a certain, usually reduced charge is brought against him, this bargained plea conditioned upon a particular charge being brought has been recognized as a valid plea agreement in a recent decision of the United States Supreme Court.[4] The relatedness of plea to charge brought is not involved in the case before us.

The portion of the standards referring to a defendant not receiving "sentence concession contemplated by the plea agreement" as grounds for withdrawal of plea must be held no longer operable or applicable in this

---

[1] American Bar Association Project on *Minimum Standards for Criminal Justice—Pleas of Guilty* (Tentative Draft, February, 1967), Part II, pages 9, 10.

[2] *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.

[3] *See* footnote 1.

[4] *North Carolina v. Alford* (1970), 400 U. S. 25, 91 Sup. Ct. 160, 27 L. Ed. 2d 162, denying the right to withdraw a plea of guilty to second-degree murder where the defendant subsequently claimed his only reason for agreeing to so plead was to escape the death penalty that would or could have followed a conviction on the charge of first-degree murder.

state. Since the imposition of sentence is entirely a responsibility of the trial judge, this provision could be implemented only if the judge himself was a party to the plea bargain or agreement. However, in this state since *Wolfe*, this court has made it clear that trial courts are not to participate in plea bargains.[5] In this state there is to be no courtroom counterpart of the fixed prizefight in which the participants waltz through a prearranged script to a predetermined outcome. In the case before us, the trial court, at the time of the entry of the plea of nolo contendere and all times subsequent, made it crystal clear that the judge was not bound by and could not be controlled by any understanding had by the prosecutor and defendant. The defendant and defendant's attorney were pointedly asked if they understood that the judge had the sole responsibility to decide upon the sentence to be imposed. Both indicated knowledge and agreement with the matter of sentence being for the judge, and judge alone, to decide. The judge was correct in stating that plea bargains between prosecution and defense cannot reach nor invade the matter of sentencing which is entirely for the judge to determine.

No issue is raised as to whether the court's ordering of a presentence investigation and report could in any

---

[5] ". . . This is true because (1) the defendant can receive the impression from the trial judge's participation in the plea discussions that he would not receive a fair trial if he went to trial before the same judge; (2) if the judge takes part in the preplea discussions, he may destroy his objectivity when it comes to determining the voluntariness of the plea when it is offered; (3) judicial participation to the extent of promising a certain sentence is inconsistent with the theory behind the use of the presentence investigation report; and (4) the defendant may feel that the risk of not going along with the disposition which is apparently desired by the judge is so great that he will be induced to plead guilty even if innocent." *State v. Wolfe* (1970), 46 Wis. 2d 478, 488, 175 N. W. 2d 216.

way relate to or conflict with a bargained plea. Since the securing of a presentence report is an integral part of the sentencing function, we would place the decision to order such investigation to be solely within the judicial function, as insulated against being made a part of bargaining by prosecutor and defendant as is the sentence eventually imposed. Here there was no objection by the defendant's counsel to the presentence report being ordered. If there had been, it would not alter the situation. As a matter of fact, however, here the court stated: "District Attorney? It certainly appears to me the court ought to have the benefit of a presentence investigation in this case. Do you think for any reason that this shouldn't be done?" The district attorney responded: "No, I think that was anticipated." The use of the word "anticipated," neither challenged nor corrected, leaves the clear inference that the presentence investigation was an expected, predictable part of the sentencing procedure.

So the dispute is lowered from the level of failing to secure a promised or contemplated sentence concession to whether or not, under the American Bar Association fourth standard, ". . . the prosecuting attorney failed to seek or not to oppose . . . concessions [as to his recommendations] as promised [by him] in the plea agreement." (Parenthetical additions supplied to eliminate judge and sentence from the bargaining.) Here we deal with a sharp dispute as to what was agreed to.

The district attorney contends that he agreed only to recommend probation for the defendant as a first offender if there was not a recommendation by means of a presentence report recommending against probation. He contends that his assurance was conditioned upon the outcome of an anticipated presentence investigation. This would make it no more than a statement of intention not to urge incarceration if the state department conducting the presentence recommended pro-

bation. Even on the charge of burglary, the defendant being a first offender and the extent of his psychiatric and adjustment problems not then being known, such statement of intention as to recommendation would not be unreasonable nor, as we see it, improper at least not so where the exclusive responsibility of the judge to impose the sentence was fully understood. If the agreement as to recommendation was so conditioned, there would be no reason to permit withdrawal of the plea and new trial.

However, defendant's attorney contends that the agreement was that, regardless of whether there was a presentence investigation and even if a presentence report added facts and factors militating against probation, the district attorney would recommend probation. This claims the agreement as to recommendation to be without conditions or qualifications. Even if the presentence report developed facts that made probation not in the best interests of the community or of the defendant himself, the district attorney, it is argued, bound himself to recommend what he no longer believed to be a proper disposition of the case. If this were in fact the plea agreement, reversal would be required, not because the agreement was not kept, but because the agreement was void as against public policy *ab initio*. A district attorney has the responsibility to the community and to the court to recommend to the court a disposition of the case that he believes to be fair and reasonable. He may not bind himself to utter words that, on facts and information not present at the time of the plea understanding, he does not mean or believe. When a recommendation as to sentence is requested by the court, that court is entitled to an evaluation of all the factors and a recommendation based on all of the facts then in the record. Substituting a bargained statement for a present recommendation is, if concealed, a fraud upon

the court and, if revealed, without persuasiveness or significance.

Since we have here no trial court finding of fact as to whether the plea bargain was conditional or unconditional, on this issue, if this were all that were before us, we would reverse and remand for a finding of fact to be made by the trial court. Where the issue of fact so clearly involves the question of credibility, there are obvious drawbacks to a court that did not hear the testimony nor observe the witnesses seeking to resolve the issue presented.[6] However, here an additional dimension has been added to this case by act of the defendant that makes reversal and remand in our opinion unnecessary.

When the defendant through his counsel received the presentence report, he received something more than a recommendation against probation. He received a detailed and thorough itemization of the psychiatric and adjustment difficulties of the defendant. The defendant requested and received a continuance so that a report from his treating psychiatrist could be made part of the court record. Such report was offered as a defense exhibit in the matter of sentencing and, with the consent of the district attorney, accepted. That letter confirmed every apprehension of the social investigator who conducted the presentence. While the defendant's treating psychiatrist recommended against incarceration, he urged, instead, enforced hospitalization for an extended course of treatment in a public or private treatment facility. With the introduction of this defense exhibit, the alternatives as to sentence shifted from probation versus incarceration to enforced hospitalization versus incarceration. Viewed together, the presentence report and the report of defendant's own

[6] *State v. Christopher* (1969), 44 Wis. 2d 120, 127, 170 N. W. 2d 803.

psychiatrist support the trial court's conclusion that "you have got to have some sort of disciplinary environment." Defense counsel's reference to a recent "unauthorized departure" from a Kenosha hospital where the defendant was undergoing psychiatric treatment pointed to the same conclusion that a controlled environment was indicated. When the psychiatrist's report was offered as a defense exhibit, it cannot be argued that the court, but not the prosecutor, was to give weight to this defense-offered piece of evidence. Even if the district attorney were to be required to ignore the defendant's exhibit, as well as the presentence report, his recommending probation would no longer have a basis in the record nor is there any discoverable reason for believing it would have affected the decision of the judge in selecting between incarceration or hospitalization as the best avenue for insuring psychiatric treatment and a controlled environment for the defendant.

Under these circumstances we find no error. The bargain, as claimed by defendant to have been made, would have bound the district attorney to an agreement against public policy, hence unenforceable. Even if it were established and valid, the subsequent introduction by the defendant of medical evidence as to appropriate sentence helped establish the necessity of a controlled environment for the rehabilitation and psychiatric treatment of the defendant. This made a recommendation of return to the home environment no longer a viable sentencing alternative. In any view of the case, the defendant abandoned any right to have a recommendation made that the testimony of his own medical expert made untenable.

*By the Court.*—Order affirmed.