GRANT, Plaintiff in error, v. STATE, Defendant in error.

*No. 75-278-CR.   Argued June 2, 1976.—Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 186.)

For the plaintiff in error there were briefs and oral argument by *Howard B. Eisenberg*, state public defender.

For the defendant in error the cause was argued by *Thomas J. Balistreri*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

BEILFUSS, C. J.   The defendant does not seek to withdraw his pleas of guilty. He does contend he is entitled to have the sentence set aside, have the matter remanded and be resentenced by a different judge without consideration of the information obtained from the presentence investigation report in violation of his agreement with the law enforcement authorities.

An affidavit, prepared by the defendant's trial counsel (not the state public defender), was submitted in support of the motion. By that affidavit counsel asserted that after the original plea bargain, and after the pleas had been accepted and before sentence, "the District Attorney's office and the various police agencies involved asked for disclosures and admissions, if any, of other crimes committed by Mr. Grant so that police records could be cleared." Counsel further asserted that "[i]t was specifically promised by the District Attorney's office and all of the police agencies involved that any additional disclosures or admissions made by Mr. Grant would not be used against him, would not be read-in, nor disclosed to the court. The only reason, by agreement, for giving the additional disclosures and admissions was to clear police records, and for no other purpose." The affidavit finally noted that "the presentence report disclosed a substantial number of the additional admissions and disclosures given by Mr. Grant during the record-clearing conference with the police officers and the District Attorney's office."

The trial court denied relief from the sentence imposed, stating:

". . . no objections to sentencing were raised at that time and there is no evidence that appropriate steps were taken by the Defense to avoid that which would be routine in the matter of a pre-sentence investigation, and, therefore, the Court is not deemed to have in any way participated in the violation of the understanding that may have been reached by Defense Counsel and the District Attorney and/or the Police Department."

The defendant, by his motion for postconviction relief pursuant to sec. 974.06, Stats., seeks resentencing on the ground that the district attorney and various law enforcement agencies breached an agreement not to make certain admissions by the defendant available to the sentencing court.

As the defendant points out, there are, in reality, two separate agreements involved in this case. The first was the "plea bargain" or agreement by the defendant to plead guilty to three charges of burglary in exchange for the dismissal of two other charges. This agreement is not at issue in this proceeding and the defendant makes no argument that he should be allowed to withdraw his guilty plea.

The agreement, which is the center of controversy in this case, was entered into after the defendant's plea of guilty. Under the terms of that agreement the defendant, in an effort to help police clear their records, admitted to being involved in a substantial number of unsolved thefts and burglaries occurring during the year preceding his arrest and conviction. In exchange, the district attorney's office and the police agencies involved agreed that the defendant would not be prosecuted for the offenses, and that those offenses would not be "read into" the record or otherwise disclosed to the sentencing court.

Following the defendant's plea of guilty the trial court ordered a presentence investigation to be conducted by representatives of the Department of Health and Social Services. A presentence report was prepared and is a part of the record in this case. In addition to the usual information with respect to the defendant's background and prior criminal record, the report contains a list of some 46 incidents of theft and burglary which, according to the report, the defendant admitted to the New Berlin, Brookfield and Waukesha Police Departments. The information was stated to have been received

from representatives of those departments and was included in the report "in order that the court can appreciate the scope of Mr. Grant's involvement."

The defendant contends that by revealing the information for use in the presentence investigation the police agencies breached the agreement. It is the defendant's position that the inclusion of information in the presentence report was instrumental in determining the severity of the sentences imposed. As such, the breach of the agreement, the defendant argues, was prejudicial to him, warranting relief in the form of resentencing before a different judge with the information which was the subject of the bargain excluded from consideration.

While the parties raise several other issues dealing with jurisdiction and procedure, we deem the controlling issue is one of waiver.

The state contends that the defendant has waived any right to claim any prejudicial effect of the breached postplea agreement by his failure to object to the presentence report or to claim a breach of the agreement.

The defendant was provided with a copy of the presentence report containing the defendant's admissions before sentence was imposed. At the sentencing proceeding the court asked defense counsel if he had read the report and if he wished to be heard with respect to it. Counsel replied that he had read the report and stated:

"When I read the report I noted some other acts of Mr. Grant were included in the pre-sentence report. These included admissions to the police officers after plea negotiations had taken place. I am bringing this up for the record because it could be prejudicial or non-prejudicial to Mr. Grant. He thought he would help and cooperate with the officers to clear up other matters."

The state argues that the statement indicates that defense counsel deliberately chose not to object to a consideration of the admissions because he felt that the

court might consider the defendant's actions as evidence of cooperation and impose a lighter sentence. The state contends the defendant made a strategic choice and cannot now complain simply because the court's reaction was not favorable.

The defendant argues that while trial counsel failed to make an appropriate objection, "[i]t is simply beyond belief to assume—as does counsel for the State—that any reasonable trial attorney would believe that the revelation of fifty new offenses by the defendant at the time of sentencing would be factors which would result in the mitigation of sentence." The defendant contends that there was no reasonable or probable advantage to the defendant and that the trial counsel's failure to object should therefore not be considered as a waiver.

The sentencing court did have the right to consider whether the admissions indicated remorse and a desire to cooperate with the law enforcement officials insofar as it might favorably reflect upon the defendant's probable early rehabilitation. The court also had the right to consider whether the admissions of other extensive criminal activity established a pattern of habitual antisocial behavior that required a more severe sentence, particularly when coupled with the law enforcement promise not to prosecute the incidents revealed in the admissions.

In response to the statement made by counsel quoted above, the trial court stated:

"I think it is to his credit to clear the police records. However, there is an extensive record, going back to the 40's, including incarceration in a state prison in the 60's, so it appears he is not one who comes before the Court without criminal record. If there were but the three counts of burglary now before the Court, I suppose the Court might feel they were isolated acts, but the prior record of the defendant, together with the revelation that there were other offenses, indicate that your client has had a pattern of criminal behavior over

a long period of time. I do not suppose I can say that I will totally disregard his involvement in other matters in passing sentence. To say I would disregard them entirely would be idealistic. I think that the pattern of criminal activity which has existed for a long period of time must have impact upon the Court's disposition."

We conclude that by failing to object to a consideration of the admissions on the ground of the breached agreement when the basis for that objection was known, the defendant has waived his right of review on that issue. This case is analogous to *Farrar v. State* (1971), 52 Wis. 2d 651, 191 N. W. 2d 214. In that case the defendant asserted that a probation officer had breached his agreement, as part of a plea bargain, to recommend probation. This court denied relief on the ground that there had been a finding by the trial court that no such agreement had been made. As an alternative ground, however, the court noted that the defendant had persisted in his guilty plea despite his knowledge that probation was not being recommended. This court held that the defendant had abandoned his right to object on the grounds stated by persisting in a plea strategy after the basis for the claimed error became known to him. The court quoted approvingly from *Cross v. State* (1970), 45 Wis. 2d 593, 605, 173 N. W. 2d 509, where this court stated:

"An accused cannot follow one course of strategy at the time of trial and if that turns out to be unsatisfactory complain he should be discharged or have a new trial."

■ In this case the defendant did not move to withdraw his plea nor does he do so now. Nor did he object to the recitation of the admissions of other criminal activity as it appeared in the presentence report. He acknowledged the existence of the admissions and was willing to have the trial court proceed with the sentencing procedure. Based upon our holding in *Farrar*

*v. State, supra,* the defendant waived any breach of the postplea agreement.

While the conclusion above must result in an affirmance of the judgment and order, we deem it essential to make a further comment.

█ Agreements by law enforcement officials, whether they be by the police or prosecutors, not to reveal relevant and pertinent information to the trial judge charged with the duty of imposing an appropriate sentence upon one convicted of a criminal offense, are clearly against public policy and cannot be respected by the courts. Likewise, counsel representing defendants charged with crime are held to the same standard. They must advise the defendant that such agreements are illegal and will not be recognized by the court in the imposition of sentence.

*By the Court.*—Judgment and order affirmed.