**Albert E. GRANT, Petitioner,**

**v.**

**STATE OF WISCONSIN, Respondent.**

**No. 76–C–621.**

United States District Court,
E. D. Wisconsin.

May 2, 1978.

Edward M. Kaufmann, Post-Conviction Defense Proj., Madison, Wis., for petitioner.

Bronson C. LaFollette, Wis. Atty. Gen., by John M. Schmolesky, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for a writ of habeas corpus. The petitioner claims that he is confined in the Wisconsin state prison in violation of the United States Constitution because the state of Wisconsin violated the plea agreement pursuant to which the petitioner pleaded guilty to certain charges. The writ will be conditionally granted.

On May 22, 1974, the petitioner, Albert Grant, was convicted in state court of three counts of burglary upon his guilty pleas to those charges. The guilty pleas followed plea negotiations with the Waukesha County district attorney's office. For purposes of the present motions, the parties agree that the description of the plea negotiations which follows is accurate.

Sometime prior to May 3, 1974, the petitioner's then attorney, John W. Cusack, entered into plea negotiations with a representative of the Waukesha County district attorney's office. An agreement was reached that Mr. Grant would plead guilty to three counts of burglary in exchange for the state's dismissal of two other charges. After this exchange was agreed to, the assistant district attorney asked Mr. Cusack whether Mr. Grant would assist the police of several local municipalities in "clearing" their records of several unsolved crimes which Mr. Grant was suspected to have committed. Mr. Cusack was expressly assured that any admissions or disclosures made by Mr. Grant would be used *solely* for the purpose of clearing police records. Mr. Cusack replied that he would speak to Mr. Grant about the request.

Either the same day or within a few days thereafter, Mr. Cusack conferred with Mr. Grant. Mr. Grant agreed to help state officials clear police records, relying upon the assistant district attorney's representation that any disclosures would be used *only* to clear police records. Mr. Grant understood this to mean that the state would not bring such disclosures to the attention of the sentencing judge. The respondent does not

dispute that such understanding by Mr. Grant of the assistant district attorney's representation was correct.

The district attorney's office arranged a meeting for May 3, 1974, between various police officials and Mr. Grant and Mr. Cusack. At the meeting, Mr. Grant made admissions concerning numerous unsolved crimes.

On May 22, 1974, Mr. Grant appeared before the state court and entered guilty pleas to the three burglary charges. The judge was advised by the assistant district attorney that the guilty pleas were being made in return for a dismissal of other pending charges. Mr. Cusack stated that the state's description of the plea agreement was "basically correct." Neither attorney advised the judge about the admissions made at the May 3, 1974, meeting or of the agreement that Mr. Grant's admissions would not be revealed to the judge. The judge accepted the guilty pleas and ordered a presentence investigation.

Before the sentencing proceeding began on June 14, 1974, Mr. Cusack discovered that the presentence report recounted the admissions that the state officials had promised not to bring to the attention of the judge. Mr. Cusack reported this fact to the judge, who replied that he would not be influenced by the admissions. During the sentencing proceeding, however, the judge commented:

"If there were but three counts of burglary before the Court, I suppose the Court might feel they were isolated acts, but the prior record of the defendant together with the revelation that there were other offenses, indicate that your client has had a pattern of criminal behavior over a long period of time. I do not suppose I can say that I will totally disregard his involvement in other matters in passing sentence. To say that I would disregard them would be idealistic. I think that the pattern of criminal activity which has existed for a long period of time must have impact upon the Court's disposition." (Transcript of sentencing proceeding, June 14, 1974, p. 2).

Mr. Grant was then sentenced to three consecutive ten-year terms of imprisonment, the maximum for each of the three offenses.

Mr. Grant obtained representation from the Wisconsin state public defender for an appeal. In briefs and argument before the Wisconsin supreme court, the state public defender argued that there were two separate agreements: the first consisting of Mr. Grant's agreement to plead guilty to the three charges, in exchange for the dismissal of two others, and the second consisting of the agreement by Mr. Grant to disclose his involvement in other offenses in exchange for the promise that the disclosures would not be used for any purpose other than to clear police records. The state public defender erroneously argued that the first agreement was made before Mr. Grant entered his guilty pleas and that the second agreement was made subsequent to the entry of the pleas but before the sentencing. In fact, both agreements, if they are to be construed as separate agreements, were made before the guilty pleas were entered.

On the basis of this erroneous understanding of the facts, the Wisconsin supreme court noted that the appeal presented no issue concerning the plea agreement, i. e. the first agreement, and that Mr. Grant did not seek to withdraw his guilty pleas. *Grant v. State,* 73 Wis.2d 441, 443, 243 N.W.2d 186 (1976). Rather, the state court treated Mr. Grant's claim as one which stated that there had been a breach of the second, post-plea agreement and that such breach had been prejudicial to Mr. Grant so as to entitle him to resentencing before a different judge. The Wisconsin supreme court determined that by failing to object to the sentencing judge's consideration of the disclosures in the presentence report, Mr. Grant waived his right to review of that issue. Accordingly, the court affirmed the judgment.

Mr. Grant filed this petition for a writ of habeas corpus supported by the same briefs presented to the state court. I denied his petition in an order dated January 27, 1977. A first motion for relief from judgment

was denied on March 28, 1977. The possibility that erroneous facts had been presented to the Wisconsin courts was revealed for the first time on the petitioner's second motion for relief from judgment. In a decision dated September 29, 1977, I found that the state courts had not correctly determined the material facts and granted the motion for relief from judgment and for fact-finding procedures under 28 U.S.C. § 2254(d). Depositions have been conducted, and the parties have entered into a stipulation of facts. The action is now before me on the parties' cross motions for summary judgment.

In support of its motion for summary judgment, the respondent argues that the prosecutor's promise not to use Mr. Grant's disclosures for any purpose other than to clear police records, even though broken, cannot be a basis for relief under *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The respondent argues that Mr. Grant agreed to plead guilty to the three burglary charges before any discussion of the police record-clearing agreement took place. From this fact, it is urged that the prosecutor's promise in the subsequent discussions concerning the clearing of police records could not have induced Mr. Grant's guilty pleas.

I find the respondent's argument unpersuasive. The fact that Mr. Grant had already agreed to plead guilty before the prosecutor made the promise which was later broken is not the controlling consideration. The guilty pleas were not made until several weeks after all plea negotiations had been concluded. The crucial inquiry is whether the petitioner's pleas of guilty *at the plea proceeding* were induced by a promise made by the prosecutor which was violated. *Santobello,* supra, at 262, 92 S.Ct. 495.

In *United States v. Hammerman, II,* 528 F.2d 326 (4th Cir. 1975), the defendant agreed to plead guilty to a one-count information and to cooperate in the prosecution of other persons under investigation. In exchange, the prosecutor agreed to bring no other criminal charges against the defendant and also to bring the defendant's cooperation to the court's attention at the time of sentencing. Because of other developments in the case, the prosecutor later decided to recommend that the defendant not be imprisoned. After a meeting with the court, one of the prosecutors stated to the defendant that he firmly believed that the court had indicated it would follow the prosecutor's sentencing recommendation. On an appeal from the court's imposition of a sentence which included a term of imprisonment, the court of appeals ordered that the defendant be permitted to withdraw his guilty plea because "the prosecutor's prediction [was] likely to inculcate belief and reliance and therefore [became] an essential element of the plea bargain." *Hammerman,* supra, at 330. Even though the prosecutor's statement to the defendant that the court would follow the prosecutor's sentencing recommendation was not a part of the agreement previously negotiated, the court stated that "[p]roperly viewed there was . . . only one plea bargain, the last element of which was false confirmation by the assistant prosecutor that the terms had been accepted by the court." Id.

■ Like the prediction in *Hammerman,* the prosecutor's promise to Mr. Grant that his admissions would not be disclosed to the sentencing judge reasonably induced Mr. Grant to believe that such pledge was an intrinsic part of the plea agreement. Having agreed to waive his right to a trial, the only matter of concern to Mr. Grant was the matter of his sentence. The defendant's revelation of extensive other criminal conduct (which was not likely otherwise to have been disclosed) surely had a significant impact on the sentencing judge's determination. Doubtlessly, this was the reason Mr. Grant insisted upon the prosecutor's pledge of nondisclosure. In effect, the prosecutor promised that Mr. Grant's cooperation in clearing the police records would not affect his sentence for the charges to which he would plead guilty. In my judgment, Mr. Grant's decision to plead guilty was induced to a significant degree by the prosecutor's promise which was later bro-

ken. A conviction under such circumstances violates due process. *Santobello,* supra.

The respondent argues that if this court finds the broken promise to have been a part of the plea agreement that induced Mr. Grant's guilty pleas, considerations of federal-state comity require that the state be given the first opportunity to review the petitioner's constitutional claims.

■ It is now apparent that a markedly different case was presented to the Wisconsin supreme court than the case now before this court. Where the constitutional issue raised by a petition for a writ of habeas corpus is presented in a wholly different light from that in which it was presented to the state court, the requirement that the petitioner exhaust his state remedies has not been met. *Schiers v. California,* 333 F.2d 173, 175 (9th Cir. 1964); *United States ex rel. Lilyroth v. Ragen,* 222 F.2d 654 (7th Cir. 1955).

Nevertheless, under the circumstances of this case, I believe that the petitioner should not now be required to resubmit this matter to the state court. Fact-finding procedures in this court have revealed an erroneous factual assumption by the state courts and have also revealed obvious merit to the petitioner's claim. Mr. Grant is sixty years old and has been imprisoned for nearly four years under sentencing imposed in violation of the mandate of due process. In my judgment, it would be a time-consuming hardship to require Mr. Grant to exhaust state remedies a second time. See *Redding v. Vermillion,* 416 F.Supp. 1181, 1184 (W.D. Mo.1976). The petition for a writ of habeas corpus will be conditionally granted.

Therefore, IT IS ORDERED that the petitioner's motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the respondent's motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus will be granted unless the respondent within 60 days from the date of this order sets aside the petitioner's sentence imposed on June 14, 1974, and also permits the petitioner to withdraw his pleas of guilty entered by him on May 22, 1974.