STATE of Wisconsin, Plaintiff-Respondent,

v.

John D. BOBBITT, Defendant-Appellant.†

Court of Appeals

*No. 92–2952–CR. Submitted on briefs April 13, 1993.—Decided June 23, 1993.*

(Also reported in 503 N.W.2d 11.)

†Petition to review denied.

11

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Paul G. Bonneson* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William C. Wolford*, assistant attorney general.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J.  John D. Bobbitt appeals from a judgment of conviction for armed robbery and false imprisonment as a repeat offender and from an order denying postconviction relief. On appeal, Bobbitt challenges the trial court's sentence of nine years imprisonment on the robbery conviction. Bobbitt argues that the trial court misused its discretion in sentencing by considering alleged acts of violence related to an attempted first-degree intentional homicide charge of which Bobbitt was acquitted. Because we conclude that the court properly considered all of the evidence surrounding the robbery, we affirm.

The relevant facts are taken from the trial testimony of both Bobbitt and the victim, Randy Eder. On the evening of March 7, 1991, Bobbitt met Eder at a party in Milwaukee. Later that night they decided to go to Eder's apartment in Oconomowoc to get some cocaine and beer. After entering Eder's apartment, Eder testified that he was hit in the head with a beer bottle and knocked unconscious. When he awoke he noticed that he had been stabbed in the neck several times. He testified that Bobbitt then took him from room to room demanding money and valuables and subsequently tied him up in the bathroom with a telephone cord, stole his keys and left in his truck.

Bobbitt testified that a drug dealer known to him as "George" also accompanied them to Eder's apartment. Bobbitt admitted that he did take some jewelry from Eder's apartment, but that he left the apartment and waited in Eder's truck for George and Eder. While waiting, he observed another person enter Eder's apartment. Approximately fifteen to twenty minutes later, George ran out of the apartment, jumped into the truck and told Bobbitt to leave immediately saying, "I stabbed Randy and took the cocaine and the money."

Bobbitt was charged with attempted first-degree intentional homicide while armed, robbery, and false imprisonment.[1] A jury convicted Bobbitt on the robbery and false imprisonment charges but acquitted him of the attempted first-degree intentional homicide while armed charge. On October 21, 1991, the trial court sentenced Bobbitt to nine years imprisonment on the robbery conviction. In doing so, the trial court attributed all of the violent acts to Bobbitt and consid-

---

[1] Bobbitt was also charged with operating an automobile without the owner's consent, but this charge was dismissed prior to trial by stipulation.

13

ered the violence to be an aggravating circumstance justifying an upward departure from the sentence recommended by the sentencing guidelines.

Bobbitt filed a postconviction motion requesting a modification of the nine-year sentence to four years, which was the sentence recommended by the sentencing guidelines for robbery absent aggravating circumstances. Bobbitt argued that the trial court misused its discretion by considering the violent acts surrounding the attempted homicide charge of which Bobbitt was acquitted by the jury. The trial court denied Bobbitt's motion for postconviction relief. Bobbitt appeals.

Ordinarily sentencing is left to the discretion of the trial court, and appellate review is limited to determining whether there was an erroneous exercise of discretion. *State v. J.E.B.*, 161 Wis. 2d 655, 661, 469 N.W.2d 192, 195 (Ct. App. 1991), *cert. denied*, 112 S. Ct. 1484 (1992). In reviewing a sentence to determine whether discretion has been misused, we presume that the trial court acted reasonably. *J.E.B.*, 161 Wis. 2d at 661, 469 N.W.2d at 195. An erroneous exercise of discretion may be found where the trial court relied on factors which are totally irrelevant or immaterial to the type of decision to be made, failed to state on the record factors which influenced its decision, or gave too much weight to one factor in the face of contravening considerations. *Harris v. State*, 75 Wis. 2d 513, 518, 250 N.W.2d 7, 10 (1977).

The three primary factors that a trial court should consider in imposing sentence are the gravity of the offense, the character of the defendant, and the need to protect the public. *Id.* at 519, 250 N.W.2d at 11. As part

of these factors, the sentencing court may consider the following:

> (1) Past record of criminal offenses; (2) history of undesirable behavior pattern; (3) the defendant's personality, character and social traits; (4) result of presentence investigation; (5) *vicious or aggravated nature of the crime*; (6) degree of the defendant's culpability; (7) defendant's demeanor at trial; (8) defendant's age, educational background and employment record; (9) defendant's remorse, repentence and cooperativeness; (10) defendant's need for close rehabilitative control; (11) the rights of the public; and (12) the length of pretrial detention. [Emphasis added.]

*Id.* at 519–20, 250 N.W.2d at 11.

In sentencing Bobbitt on the robbery conviction, the trial court considered the alleged violence associated with the attempted homicide:

> I have no intention of sentencing for attempted murder . . . . That was dismissed. But the robbery means that the jury put you at the scene in violence and they came back with the decision that you did that . . . . John D. Bobbitt smacked someone with a beer bottle at least once and stabbed someone at least three times, committed violence against that person.

As an aggravating circumstance justifying the departure from the sentencing guidelines, the trial court wrote, "After puncturing the victim 3xs w/a knife (2 wounds serious enough to cause death, each-for-each), the [defendant] bound the victim w/ telephone cord to prevent him from securing help, stole his auto and fled."

15

Bobbitt contends that the only acts of violence during the crime were those acts which constituted the alleged attempted homicide for which he was acquitted, not the robbery. Therefore, Bobbitt argues that the trial court misused its discretion by substituting its opinion for that of the jury and erroneously considering the acts of homicidal violence when sentencing him on the robbery conviction. He further contends that there is no authority in Wisconsin for the use of acquitted charges in sentencing: "It is proper for the trial court to consider the gravity of the offense for which the defendant has been convicted, but not for a crime for which he has been acquitted." We disagree.

Although no case in Wisconsin has expressly decided the issue, this court has recently discussed the question, albeit in dicta, in *State v. Whitaker*, 167 Wis. 2d 247, 481 N.W.2d 649 (Ct. App. 1992), and *State v. Marhal*, 172 Wis. 2d 491, 493 N.W.2d 758 (Ct. App. 1992). In *Whitaker*, the defendant claimed that it was error for the trial court in sentencing on a drug conviction to consider as a relevant factor a related homicide conviction which the defendant contended was unlawfully obtained. This court stated that "consideration of the circumstances surrounding the shooting of [the victim] would have been entirely appropriate even if [the defendant] had been acquitted of the homicide charge."[2] *Whitaker*, 167 Wis. 2d at 265, 481 N.W.2d at 656.

---

[2] *See also Elias v. State*, 93 Wis. 2d 278, 284, 286 N.W.2d 559, 562 (1980) (trial court may consider unproven offenses when imposing sentence); *State v. McQuay*, 154 Wis. 2d 116, 126, 452 N.W.2d 377, 381 (1990) (sentencing court may evaluate a defendant's character in light of evidence of unproven offenses).

In *Marhal*, the defendant was charged with first-degree intentional homicide but the jury returned a verdict finding him guilty of a lesser included offense. This court concluded that even if the trial court did consider at sentencing whether Marhal was culpable of first-degree intentional homicide, there was no error. *Marhal*, 172 Wis. 2d at 501, 493 N.W.2d at 763. In doing so, the court reasoned:

> Information upon which a trial court bases a sentencing-decision, as opposed to a finding of guilt, need not, of course, be established beyond a reasonable doubt. . . . [A] sentencing court will generally know more about the crime and its circumstances than will the jury. . . . [T]here are significant differences between the jury's role in adjudicating guilt and the trial court's responsibility to determine an appropriate sentence. Accordingly, every United States Court of Appeals that has decided the issue, but one, has ruled that a sentencing court may consider conduct for which the defendant has been acquitted.

*Id.* at 502–03, 493 N.W.2d at 763–64 (citations omitted).

By this statement, the *Marhal* court reasoned that an acquittal does not mean that the event did not happen. Nor would it mean that the defendant is necessarily innocent. Rather, it means that the jury did not find proof of the event *beyond a reasonable doubt*. The *Marhal* rationale is applicable to the facts of this case. While the state could not convince the jury that Bobbitt hit Eder on the head with *intent to kill*, this does not mean that the violence did not occur; it does not mean that Bobbitt did not hit Eder on the head. The trial court can properly consider evidence of the violence rendered by Bobbitt in sentencing.

17

We therefore consider the rule and rationale first stated in dicta in *Whitaker* and *Marhal* to be a correct statement of the law and adopt it as such here. Accordingly, we conclude that the trial court did not misuse its discretion when it considered the violent conduct surrounding the attempted homicide for which Bobbitt was acquitted.

As *Marhal* noted, however, a court may not sentence according to its desire to replace a jury's conclusion with its own. *Marhal*, 172 Wis. 2d at 510, 493 N.W.2d at 767 (Schudson, J., concurring). Such action would offend the fundamental principles of fairness and due process. We conclude that the trial court did not substitute its judgment for that of the jury in this case. The victim testified that the defendant was the only person who came to his house and who was there when he woke up after being hit in the head with a bottle and stabbed in the throat. While Bobbitt claimed that "George" was the source of the violence, the trial court was not obligated to accept that explanation even though the jury acquitted Bobbitt of the attempted homicide charge. The fact that the trial court believed Bobbitt was the source of the violence surrounding the robbery does not mean it substituted its judgment for that of the jury as to the attempted homicide charge.

The acts of violence surrounding the robbery which the trial court considered were relevant to important sentencing factors; namely, the gravity of the offense, the character of the defendant, and the need to protect the public. The consideration of the violent acts for sentencing purposes, even though Bobbitt was acquitted of the homicide charge, was not a denial of due process, particularly when the sentence

18

imposed did not exceed the maximum available.[3] *See United States v. Lawrence*, 934 F.2d 868, 874 (7th Cir.), *cert. denied*, 112 S. Ct. 372 (1991). Therefore, we conclude that the trial court properly exercised its sentencing discretion in this case.

*By the Court.*—Judgment and order affirmed.

---

[3] The maximum sentence for the robbery conviction was ten years with an additional six years possible because the defendant was a repeat offender contrary to sec. 939.62(2), Stats. Therefore, the resulting sentence of nine years was below the maximum which the trial court could have imposed in this case.