**UNITED STATES of America, Appellee,**

v.

**Nathaniel A. DIAMOND, Defendant-Appellant.**

**No. 1201, Docket 82–1429.**

United States Court of Appeals, Second Circuit.

Argued April 26, 1983.

Decided April 28, 1983.

Barry Bassis, New York City (The Legal Aid Society, Federal Defender Services Unit, New York City, on brief), for defendant-appellant.

K. Chris Todd, Asst. U.S. Atty., New York City (John S. Martin, Jr., U.S. Atty., Gerard E. Lynch, Asst. U.S. Atty., New York City, on brief), for appellee.

Before NEWMAN and PRATT, Circuit Judges, and METZNER, District Judge.*

PER CURIAM:

Nathaniel A. Diamond appeals from the November 22, 1982, judgment of the District Court for the Southern District of New York (David N. Edelstein, Judge) entered upon a plea of guilty to participating in an interstate conspiracy to defraud commodities investors, in violation of 18 U.S.C.

---

* The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation.

§ 371 (1976), and to making an interstate telephone call in furtherance of the conspiracy, in violation of 18 U.S.C. § 1343 (1976). The District Court sentenced Diamond to a term of one year and one day of imprisonment to be followed by two years of probation. Diamond challenges his sentence, claiming that the Government violated its plea-bargaining agreement by presenting the District Court with a sentencing memorandum that implicitly recommended a sentence of imprisonment. We affirm.

In its plea agreement with Diamond, the United States Attorney promised not to "recommend any specific sentence to the sentencing judge," but reserved the right to inform the sentencing judge of "(1) this agreement; (2) the nature and extent of Diamond's activities with respect to these cases; (3) the full nature and extent of Diamond's cooperation with this Office and the date when such cooperation commenced; and (4) all other information in its possession relevant to sentence." Prior to sentencing, the Government presented the District Court with a sentencing memorandum containing the following language:

> [Diamond] teamed up with others . . . to commit an enormous fraud. Their lies cost innocent victims over $1,000,000 out of pocket and tore deeply into the moral fabric of our society.
>
> In imposing sentence in these cases the government respectfully urges the Court to consider the need for both specific and general deter[r]ence, since many boiler-room operators who have had connection with these defendants will look to their sentences when contemplating their own possible criminal acts. In addition, we urge the Court to consider the need for punishment, since the damage inflicted by these defendants on the investing public was so substantial.

Before sentence was imposed, Diamond's trial counsel complained to the District Court that the Government had violated its plea agreement. *See United States v. Corsentino,* 685 F.2d 48 (2d Cir.1982). The Government, while denying any violation, offered Diamond the opportunity to withdraw his guilty plea if it had been entered on the basis of a misunderstanding about the plea agreement. The District Court gave Diamond a week to consider this option. When Diamond declined to withdraw his guilty plea but persisted in contending that the Government had breached its agreement, the District Court issued a memorandum opinion ruling that the Government's sentencing memorandum did not violate the plea agreement. 550 F. Supp. 1273.

The question raised on this appeal is whether the Government's conduct in this case is consistent with the standard recently set forth by this Court in *United States v. Corsentino, supra.* In *Corsentino,* we ruled that a plea bargain containing a Government commitment to "take no position" at sentencing must be strictly observed, and such an agreement was violated when a prosecutor opposed the defendant's request for a sentence that permitted early parole eligibility. We noted, however, that if the Government wishes to refrain only from recommending a specific sentence, the prosecutor should make that limited commitment clear in the plea agreement and retain the right "to present facts and arguments bearing upon sentencing," 685 F.2d at 51, or use other words to that effect.

Although the Government drafted its plea agreement with Diamond several months before *Corsentino* was decided, the agreement and the prosecutor's conduct at sentencing comports with the *Corsentino* standard. The Government promised not to recommend "any specific sentence" in this case, but reserved the right to present the trial court with "relevant information" at sentencing. No specific sentence was recommended, and the substance of the sentencing memorandum was "relevant" to the sentencing decision. Perhaps clarity would have been increased if the prosecutor had explicitly retained the right to present "argument" in addition to "information," but in the circumstances of this case we do not think the distinction amounts to a breach of the plea bargain. *See United States v. Miller,* 565 F.2d 1273 (3d Cir.1977) (per cu-

riam), *cert. denied,* 436 U.S. 959, 98 S.Ct. 3076, 57 L.Ed.2d 1125 (1978). The adverse information the prosecutor reserved the right to present inevitably carried with it an implied argument in favor of a significant sentence.

The judgment of the District Court is affirmed.