STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph H. POOLE, Defendant-Appellant.

Court of Appeals

*No. 85–0829–CR. Submitted on briefs November 11, 1985.—*
*Decided March 25, 1986.*
(Also reported in 389 N.W.2d 40.)

For the defendant-appellant the cause was submitted on the briefs of *Steven P. Weiss,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Kirbie Knutson,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and Eich, J.

DYKMAN, J.  Defendant appeals from an order denying his motion for postconviction relief. The issues are: (1) whether the prosecutor failed to carry out the terms of a plea agreement; and (2) whether Poole was entitled to withdraw his plea when the court determined it would not sentence him in accordance with the plea agreement. We conclude that the state may not undercut a sentencing recommendation bargained for under a plea agreement, and therefore reverse and remand for resentencing.

## FACTS

Defendant pleaded guilty to a burglary charge pursuant to a plea agreement in which the state would recommend a fine of $1500.00. At sentencing, the prosecutor recommended the fine, but noted that this recommendation was agreed to "before we knew of the other instances. But that is our agreement." The "other instance" was a separate case in which defendant's probation had been revoked. The court imposed a five year sentence, concurrent with the three year term defendant was already serving. Defendant alleged the state had breached its agreement, and moved the court to modify the sentence to a concurrent 3-year term or, al-

ternatively, to permit him to withdraw his guilty plea. The court denied the motions, and defendant appeals.

The facts are undisputed. We apply the law to undisputed facts without deference to the trial court. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

## *THE SENTENCING RECOMMENDATION*

Justice Douglas, concurring in *Santobello v. New York,* 404 U.S. 257, 264 (1971), noted that "[h]owever important plea bargaining may be in the administration of criminal justice . . . a guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial, to confront one's accusers, to present witnesses in one's defense, to remain silent, and to be convicted by proof beyond all reasonable doubt." (Citations omitted.) This crucial understanding appears to underlie the majority's holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262.

In *State v. Beckes,* 100 Wis. 2d 1, 3–4, 300 N.W.2d 871, 872–73 (Ct.App. 1980), we said that "plea bargaining must be attended by procedural safeguards to ensure that a defendant is not treated unfairly. Thus, when a defendant pleads guilty to a crime pursuant to a plea agreement and the prosecutor fails to perform his [or her] part of the bargain, the defendant is entitled to relief." (Citation and footnote omitted.)

Defendant argues that the prosecutor qualified her recommendation at sentencing. He contends that

her reference to learning of his parole revocation after completion of the plea negotiations and the qualifier "but" before "that is our agreement," constituted something less than the recommendation he bargained for.

The state argues that there is no requirement that it make a sentence *recommendation* "forcefully or enthusiastically." We agree. Plea agreements are usually compromises, and those are often the products of dissatisfied negotiators. Nonetheless, we must determine not whether defendant received more than what he bargained for, but less.

Defendant cites a number of federal cases for the proposition that the government's attorney must express a bargained-for sentencing recommendation with some degree of advocacy.[1] However, these cases address only the application of Rule 11(e) of the Federal Rules of Criminal Procedure. We do not have that rule or its derivative in Wisconsin.

However, the general reasoning of *United States v. Brown,* 500 F.2d 375 (4th Cir. 1974), has been adopted by the courts of a number of states confronting cases like the one at hand. *Brown* holds that a halfhearted sentence recommendation—that is, one that is something *less* than a neutral recitation of the product of the bargain—is a breach of the plea agreement. *Id.* at 377–78. We look to those cases for guidance.

---

[1] *United States v. Brown,* 500 F.2d 375 (4th Cir. 1974); *United States v. Grandinetti,* 564 F.2d 723 (5th Cir. 1977); *United States v. Benchimol,* — U.S. —, 85 L.Ed. 2d 462 *(per curiam)* (1985).

Appellant refers us to two other cases which do not address the question before us. *United States v. Bowler,* 585 F.2d 851 (7th Cir. 1978), and *United States v. I.H. Hammerman, II,* 528 F.2d 326 (4th Cir. 1975), deal with unfulfillable plea bargains and are not persuasive.

In *Miller v. State,* 322 A.2d 527 (Md. 1974), the Maryland Court of Appeals said that a prosecutor breached a plea agreement when he commented negatively on a probation officer's recommendation of probation, even though he technically complied with the bargain by advancing no recommendation of his own. *Id.* at 529. The court found the prosecutor's commentary at variance with his promise of no recommendation, in breach of the agreement. *Id.*

The Minnesota Supreme Court cited *Miller* in a similar case which involved a juvenile. *State v. Witte,* 245 N.W.2d 438 (Minn. 1976). There, the prosecutor agreed to make no formal sentence recommendation, and made none. But he did mention the juvenile authority's recommendation of incarceration. *Id.* at 439. The court found that this constituted the prosecutor's implicit adoption of the authority's recommendation as his own, breaching the plea agreement. *Id.*

A Maryland court again confronted this issue in *Snowden v. State,* 365 A.2d 321 (Md. Ct. Spec. App. 1976). There, the prosecutor was asked by the sentencing judge whether the state's relatively lenient sentencing recommendation should be honored and replied, "I believe we must, I believe we must." *Id.* at 324. The court observed that "Despite the reluctant concession of conformity to the bargain . . . , it is apparent that [a lighter sentence] was the last thing [the prosecutor] 'recommended' to the court." *Id.* The court also said that it does not matter whether the judge would have disregarded the recommendation anyway. "Such judicial adhesive cannot mend the prosecutor's broken promise." *Id.* at 325.

Two years later, the Washington Court of Appeals in *Matter of Palodichuk,* 589 P.2d 269 (Wash. App.

1978), said that when a prosecutor recommended probation as promised, but did so with reservations, he " '[undercut] the agreement' " and "tainted the sentencing process so that a breach . . . did occur." (Citation omitted.) *Id.* at 271.

In these cases, the evil was not the lack of enthusiastic advocacy for the bargained sentence, but the state's use of qualified or negative language in making the sentence recommendation. These situations are analogous to the one before us, and the reasoning of the various courts is persuasive. A comment which implies reservations about the recommendation "taint[s] the sentencing process" and breaches the agreement. *Id.*

■■■■

We conclude that a prosecutor may not render less than a neutral recitation of the terms of the plea agreement. The recommendation in the case at hand fell below that standard. The prosecutor's comments implied that circumstances had changed since the plea bargain, and that had the state known of the other instances of defendant's misconduct, they would not have made the agreement they did.[2]

We agree with the Maryland court in *Snowden,* 365 A.2d at 325, that the possibility that the trial court could have disregarded the recommendation is not relevant. Here the prosecutor did not unqualifiedly make the sentence recommendation bargained for and so breached the plea agreement.

---

[2] The state may not refuse to adhere to the terms of a plea bargain "because it later discovers information which may have caused it to enter a different bargain without suffering the consequences of a breach." *Palodichuk,* 589 P.2d at 271.

## RELIEF

Many state and federal courts allow plea withdrawal under these or similar circumstances. However, there is no uniform view of what constitutes appropriate relief.

The question of plea withdrawal was before the Wisconsin Supreme Court in *State v. Betts*, 129 Wis. 2d 1, 383 N.W.2d 876 (1986). Betts's petition for review asked the supreme court to require that he be permitted to withdraw a negotiated guilty plea because the trial court rejected the plea. The same issue had been presented by a Judicial Council petition seeking a rule change to that effect. The court denied the Judicial Council's petition. It therefore dismissed Betts's petition as having been improvidently granted.

Because the court's decision on the Judicial Council's proposed rule change effectively rejected Betts's petition, the appropriate remedy for the state's breach of its agreement is resentencing.