STATE of Wisconsin, Plaintiff-Respondent,

v.

Clifford A. FERGUSON, Defendant-Appellant.†

Court of Appeals

*No. 91-0527-CR. Submitted on briefs October 8, 1991.—Decided December 27, 1991.*

(Also reported in 479 N.W.2d 241.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Glenn L. Cushing,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general and *James M. Freimuth,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman J.

DYKMAN, J. Clifford Ferguson appeals from a judgment convicting him of sexual contact with a person under thirteen years of age, contrary to sec. 948.02(1), Stats., and sexual intercourse with a person under thirteen years of age, contrary to sec. 948.02(1), Stats., and from an order denying his motion for postconviction relief. Ferguson contends that the prosecutor failed to carry out the terms of his plea agreement. We conclude the prosecutor did not breach the terms of the plea agreement and affirm.

318

# I.

Pursuant to a plea agreement, Ferguson pled guilty to having sexual contact and sexual intercourse with his twelve year-old stepdaughter. The plea agreement provided that the state would recommend imposed and stayed sentences on the two charges, twenty years probation, and two consecutive six-month county jail terms as a condition of probation. The agreement did not cover the length of the imposed and stayed sentences. Thus, the prosecutor was free to argue for any length, including the maximum twenty-year sentence on each charge. At the sentencing hearing, the prosecutor recommended twenty-year sentences on each charge. He stated:

> I think we've touched on probably most factors that the Court must consider in sentencing and in making our other comments today and in asking the witness[es] questions. The severity of the offense speaks for itself and again, Judge, whether it's twelve, twenty or forty [prior acts of sexual abuse], I guess it doesn't make a great deal of difference. The point is this went on for a prolonged period of time and these were the most perverted of all perverted sex acts involving mother, daughter and stepdad. The acts themselves are—I can't even put them into words.
>
> I've looked at the criteria on the sexual assault guidelines and there's two columns on all of our guidelines. They indicate mitigating and aggravating circumstances and just to run through the aggravating circumstances . . . because about all of them apply in this case . . ..
>
> . . ..
>
> [Ferguson's stepdaughter] is the victim of the worst of all crimes commit[t]ed upon her person and this defendant is solely responsible . . ... The attitude or behavior of the offender. I think, Judge, this is the

sickest case that I have seen or read about. If I refer to this defendant as "sleaze," I think that would be giving him a compliment.

. . ..

The recommendation and the reasons for the recommendation were, number one, to protect the victim . . .. Number two, to punish this defendant, to provide him some means of rehabilitation, to bring this case to a swift and just conclusion . . ..

. . ..

[A]lthough he hasn't taken a life he certain[ly] has destroyed one . . . [T]he State recommends . . . that the Court impose twenty years, which is the maximum for each offense, for each offense consecutive to each other and that that be stayed and that the Court impose a period of twenty years probation upon the strictest of terms . . .. I recommend as conditions, number one, restitution [and] . . . six months in the County Jail on each count consecutive with each other . . ..

The trial court declined to follow the prosecutor's recommendation and sentenced Ferguson to six years in prison for the sexual contact offense. The court also imposed and stayed a ten-year prison term for the sexual intercourse offense and placed the defendant on a concurrent fifteen-year probationary term.

Ferguson moved for postconviction relief, arguing that the state had breached the plea agreement. Ferguson requested that he be resentenced. The trial court denied the motion. Ferguson appeals.

## II.

██

The facts in this case are undisputed. Whether the state's conduct violated the terms of the plea agreement

is a question of law which we review *de novo. State v. Poole,* 131 Wis. 2d 359, 361, 389 N.W.2d 40, 41 (Ct. App. 1986); *United States v. Moscahlaidis,* 868 F.2d 1357, 1360 (3d Cir. 1989).

### III.

Ferguson concedes that the prosecutor's recitation of the terms of the plea agreement was accurate. Ferguson argues, however, that the prosecutor's prefatory comments violated the spirit, if not the letter, of the agreement.

If a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262 (1971). In *Santobello,* the defendant pled guilty "on condition that no sentence recommendation would be made by the prosecutor." *Id.* A different prosecutor appeared at the sentencing hearing and recommended the maximum prison term. *Id.* at 259.

Because in this case the state made the promised recommendation, it is distinguishable from *Santobello.* This case is also unlike those in which a prosecutor, while not explicitly rejecting a plea bargain, expresses personal reservations about the wisdom of its adoption. Thus, in *State v. Poole,* we found a plea agreement breached where the prosecutor explained that the recommendation was agreed to "before we knew of the other [probation revocation]. But that is our agreement." *Id.* at 360, 389 N.W.2d at 41. *See also Snowden v. State,* 365 A.2d 321, 323 (Md. Ct. Spec. App. 1976), where the court allowed a defendant to withdraw his plea when a prosecutor, asked whether the state was still adhering to its recommendation, replied "I believe we must, I believe we

must."[1]

However, *Santobello* proscribes not only explicit repudiations of plea agreements, but also "end-runs around them." *United States v. Voccola,* 600 F. Supp. 1534, 1537 (D.R.I. 1985). The state may not accomplish "through indirect means what it promised not to do directly," i.e., convey a message to the trial court that a defendant's actions warrant a more severe sentence than that recommended. *United States v. Stemm,* 847 F.2d 636, 638 n.1 (10th Cir. 1988). In construing the language of a plea agreement, the state may therefore not resort to a "rigidly literal approach." *United States v. Greenwood,* 812 F.2d 632, 635 (10th Cir. 1987) (citation omitted).[2]

In *United States v. Diamond,* 706 F.2d 105, 106 (2d Cir. 1983) (per curiam), the defendant entered into a

---

[1]*See, e.g., United States v. Grandinetti,* 564 F.2d 723, 725 (5th Cir. 1977) (government attorney remarked that "the Government is locked-in to the language of that thing"); *United States v. Brown,* 500 F.2d 375, 377 (4th Cir. 1974) (prosecutor remarked that he had "some problems" with the plea agreement).

[2]There is no requirement, however, that a criminal defendant receive as a matter of law an "enthusiastic recommendation" of a plea agreement. *United States v. Benchimol,* 471 U.S. 453, 455–56 (1985) (per curiam). In *Benchimol,* the defendant pled guilty to one count of mail fraud pursuant to a plea agreement. The agreement provided that the government would recommend probation on the condition that restitution would be made. Although the government accurately described the terms, the Ninth Circuit held that the government had breached the plea agreement because it "made no effort to explain its reasons for agreeing to recommend a lenient sentence but rather left an impression with the court of less-than-enthusiastic support for leniency." 738 F.2d 1001, 1002 (9th Cir. 1984). Reversing, the United States Supreme Court held that, absent an explicit agreement, the government had no obligation to commit itself "enthusiastically" to a particular recommendation. 471 U.S. at 455–56.

plea agreement in which the government promised not to "recommend any specific sentence" but reserved the right to inform the trial court of the "nature and extent of Diamond's activities" and "all other information in its possession relevant to [the] sentence." Prior to sentencing, the government submitted a "sentencing memorandum" which stated that "[Diamond] teamed up with others . . . to commit an enormous fraud. Their lies cost innocent victims over $1,000,000 out of pocket and tore deeply into the moral fabric of our society." *Id.* Holding that the language contained in the memorandum did not breach the plea agreement, the court stated:

> The Government promised not to recommend "any specific sentence" in this case, but reserved the right to present the trial court with "relevant information" at sentencing. No specific sentence was recommended, and the substance of the sentencing memorandum was "relevant" to the sentencing decision. Perhaps clarity would have been increased if the prosecutor had explicitly retained the right to present "argument" in addition to "information," but in the circumstances of this case we do not think the distinction amounts to a breach of the plea bargain.

*Id.* at 106 (citation omitted).

Similarly, in *United States v. Mata-Grullon,* 887 F.2d 23, 24 (1st Cir. 1989) (per curiam), the government, in exchange for a guilty plea by a defendant charged with possession of heroin with intent to distribute, agreed to recommend the lowest sentence within the sentencing guidelines. Having made the promised recommendation, the government noted that the purity of the confiscated heroin was "above 50 percentile, which is quite potent compared to what's usually available on the street these days." In addition, it characterized the offense as "very serious," involving a "potential of harm" that "is obvi-

ously great to those unwilling users of such a drug." *Id.* at 24. The court rejected defendant's argument that the government had breached its promise, finding that the comments did not "constitute an 'end run' around the recommendation." *Id.* at 25.

Ferguson urges that the prosecutor's comments at the sentencing hearing amounted to an "explicit and outrageous character assault" which effectively undercut the prosecutor's endorsement of the plea agreement. However, Ferguson concedes that the plea agreement allowed the prosecutor to recommend an imposed and stayed twenty-year sentence, the maximum, for each conviction. *See* sec. 939.50(3)(b), Stats.

The plea agreement in this case did not prohibit the state from informing the trial court of aggravating sentencing factors. Nor could it. At sentencing, pertinent factors relating to the defendant's character and behavioral pattern cannot "be immunized by a plea agreement between the defendant and the state." *Elias v. State,* 93 Wis. 2d 278, 285, 286 N.W.2d 559, 562 (1980). A plea agreement which does not allow the sentencing court to be apprised of relevant information is void as against public policy. *State v. McQuay,* 154 Wis. 2d 116, 125–26, 452 N.W.2d 377, 381 (1990) (quoting *Grant v. State,* 73 Wis. 2d 441, 448, 243 N.W.2d 186, 190 (1976), *writ of habeas corpus granted,* 450 F. Supp. 575 (E.D. Wis. 1978)).

In order to convince the trial court to impose the maximum allowable sentence, the prosecutor was free to list the applicable aggravating factors. In a sense, he had to do so, since he was asking for the maximum. The prosecutor highlighted the special vulnerability of the victim, the extreme cruelty of the acts against the victim, the fact that the offenses involved multiple victims,

and the fact that the attitude and behavior of Ferguson indicated a lack of remorse. Each of these factors is listed as "aggravating" in the sentencing guidelines. *See* Wisconsin Adm. Code sec. SC 6.02(1).

Nor are we persuaded that the prosecutor's denigrating remarks about the defendant's character were inappropriate, in light of the plea agreement. "[T]he primary factors to consider in sentencing are the nature of the crime, the character of the defendant, and the rights of the public." *McQuay*, 154 Wis. 2d at 126, 452 N.W.2d at 381 (citation omitted).

The prosecutor in this case faced the unenviable task of convincing the sentencing court that Ferguson's actions were such that he deserved the maximum allowable sentence, but should only be required to actually serve one year of county jail time. While his comments regarding Ferguson displayed more vitriol than those typically accompanying a one-year jail term recommendation, we believe they were appropriate in light of the rather unusual terms of the plea agreement. We conclude the prosecutor's remarks did not amount to a breach of the plea agreement.[3]

*By the Court.*—Judgment and order affirmed.

---

[3]Because of our disposition of this case, we need not reach the following issues: (1) whether Ferguson waived the issue of breach by failing to properly object at his sentencing hearing; and (2) whether, assuming such failure constituted a waiver, Ferguson's trial counsel was ineffective.