STATE of Wisconsin, Plaintiff-Respondent,

v.

Tony M. SMITH, Defendant-Appellant.†

Court of Appeals

*Nos. 94–3364–CR, 94–3365–CR, 94–3366–CR, 94–3367–CR. Submitted on briefs December 5, 1995.—Decided December 26, 1995.*

(Also reported in 543 N.W.2d 836.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *John Allan Pray* of *Legal Assistance Program University of Wisconsin Law School* of Madison.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general and *William L. Gansner*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J. Tony M. Smith appeals from an order denying his postconviction motion. Smith pleaded no contest to one count of burglary and pleaded guilty to three misdemeanors: attempted theft, entry into a locked vehicle, and criminal damage to property. Smith seeks resentencing on the grounds that his counsel provided ineffective assistance by failing to object at the sentencing hearing when the prosecutor breached the plea bargain. Because Smith's counsel's performance was not prejudicial, we affirm.[2]

## I. BACKGROUND

Smith entered into a plea bargain, under which he would plead no contest to the burglary charge and guilty to the three misdemeanors. In exchange for his pleas, three additional misdemeanor charges would be dismissed (although read-in at sentencing), and the prosecutor would not make any sentencing recommendation.

At the sentencing hearing, the prosecutor represented to the trial court that a fifty-eight month sentence would be appropriate. Smith's counsel did not object. The trial court sentenced Smith to six years in prison on the burglary count and nine months in prison on each misdemeanor to run concurrent to the burglary sentence.

---

[2] Although the State concedes that the breach was prejudicial, this court is not bound by concessions that do not comport with the law.

Smith filed three separate motions post-sentencing: (1) a motion to modify the sentence; (2) a motion for credit for time-served; and (3) a motion alleging ineffective assistance of counsel on the grounds that counsel was ineffective for failing to object during sentencing when the plea bargain was breached. The ineffective assistance motion was filed after this court granted Smith's motion to extend time for filing a notice of appeal.

The trial court granted Smith's first two motions by giving Smith credit for time served and modifying the misdemeanor sentences from nine month terms each, to four month terms each. The trial court denied Smith's motion alleging ineffective assistance. Smith now appeals.

## II. DISCUSSION

██

Smith claims he received ineffective assistance of counsel. Specifically, he asserts that his counsel failed to object during his sentencing hearing when the prosecutor breached their plea bargain by making a sentencing recommendation.[3] The United States Supreme Court set out the two-part test for ineffective assistance of counsel under the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong of *Strickland* requires that the defendant

---

[3] The State concedes that the prosecutor breached the plea bargain, but argues that Smith waived any right to raise an ineffective assistance claim because this claim was not raised in his first two postconviction motions. By a July 15, 1995 order, this court denied the State's motion seeking summary affirmance on the grounds that Smith waived this claim. Accordingly, we reject the State's argument and address the merits of the ineffective assistance claim.

show that counsel's performance was deficient. *Id.* at 687. This demonstration must be accomplished against the "strong presumption that counsel acted reasonably within professional norms." *State v. Johnson*, 153 Wis. 2d 121, 127, 449 N.W.2d 845, 848 (1990). The second *Strickland* prong requires that the defendant show that counsel's errors were serious enough to render the resulting conviction unreliable. *Strickland*, 466 U.S. at 687. In reviewing the trial court's decision, we accept its findings of fact, its " 'underlying findings of what happened,' " unless they are clearly erroneous, while reviewing "the ultimate determination of whether counsel's performance was deficient and prejudicial" *de novo. Johnson*, 153 Wis. 2d at 127-28, 449 N.W.2d at 848.

The trial court that denied Smith's postconviction motion on the ineffective assistance claim concluded that trial counsel's failure to object to the breach constituted deficient performance, but that this deficient performance did not prejudice the outcome. It further determined that the sentencing court did not rely on the prosecutor's recommendation in imposing sentence. Based on our review of the record, we conclude that this determination was not clearly erroneous. Moreover, we agree that the deficient performance did not prejudice Smith.

■

When a defendant enters into a plea bargain, he is entitled to the benefit for which he bargained. *State v. Poole*, 131 Wis. 2d 359, 361-62, 394 N.W.2d 909, 910 (Ct. App. 1986). In the instant case, it is undisputed that the prosecutor agreed to make no sentencing recommendation in exchange for Smith's plea. It is undisputed that Smith did not receive that bargain because the prosecutor recommended a specific sen-

tence at the time of the sentencing hearing. Such a clear and absolute breach should have triggered an objection from Smith's counsel. Failure to object under these circumstances constitutes deficient performance.

Nevertheless, we are affirming the order in this case because Smith has not satisfied the prejudice prong of the *Strickland* test. First, it is clear from the record that the trial court, which accepted Smith's plea, informed Smith that the sentencing court is not bound by any recommendations made by the prosecutor and that the sentencing court could sentence Smith to the maximum prison term for each offense. Smith acknowledged that he understood. Second, we conclude from our review of the record that the sentencing court did not rely on the prosecutor's sentencing recommendation in imposing sentence.

■■ .

The prosecutor recommended total jail time of fifty-eight months.[4] The sentencing court at no time referenced the prosecutor's recommendation. Instead, the sentencing court set forth its independent reasons for imposing a six-year sentence:

> Now, in this particular instance, what brings you before the court is not one crime, it's not two. It's not three or four. It's five convictions.
>
> . . . .
> You have had problems with the law. Aggravated battery in 1978, burglary in 1980, retail theft

---

[4] At the beginning of the prosecutor's sentence recommendation, the transcript indicates a recommendation of 4 or 5 months. We conclude that this recommendation must have been either a typographical error or a misstatement by the prosecutor because at the conclusion of the prosecutor's statement, he clearly states that the State is recommending 58 months in prison.

in 1982, burglary in '82, resisting officer in '88, resisting officer, receiving stolen property and domestic abuse in 1989. You have now offended in the seventies, the eighties, and nineties, three decades of committing crimes.

. . . .

When I look at your record, in conjunction with your explanation of your record, that also concerns me. You always seem to have an excuse for something that has happened. You never seem to take responsibility for something that happened. There is always somebody to blame.

. . . .

This is not a case where a four-year or less sentence is appropriate, Mr. Smith and the reason I say that is, the guideline puts you in the 48 to 50 month range. I think the high range, even above it. But what complicates matters is all the misdemeanors.

If you only had, if you only had the burglary, perhaps the Court could take a chance and put you in intensive sanctions for four years with a year confinement time. But I can't take that chance because of the multiple misdemeanors and number of read-ins. It would unduly depreciate the seriousness of the offense. I don't think it could work for you.

. . . .

I'm not going to give the defendant any consecutive time, but I am going to factor in the misdemeanors in terms of the sentence I impose on the burglary.

. . . .

For all of these reasons, with respect to the burglary, it is the sentence of this Court that you be incarcerated for an indeterminate term not to exceed 6 years.

We are convinced from these extracts and our review of the record that the sentencing court did not rely on the prosecutor's recommendation when it imposed sentence. Instead, the sentencing court relied on the sentencing guidelines, Smith's extensive prior record, Smith's character, and the number of crimes involved. The sentencing court apparently ignored the prosecutor's recommendation.[5] Accordingly, we conclude that Smith has not proven that he was prejudiced by his counsel's failure to object when the prosecutor made a specific sentencing recommendation. He has not shown that there is a reasonable probability that, but for his counsel's failure to object, the "result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The result of the proceeding was his sentence. The outcome of the proceeding was his sentence. Smith has not demonstrated that the outcome is unreliable. He has failed to show that if the prosecutor would not have made a sentencing recommendation or if his counsel would have objected, there is a reasonable probability that he would have received a lesser sentence.[6] As

---

[5] Although the record in this case sufficiently demonstrates that the sentencing court did not rely on the prosecutor's sentencing recommendation, we respectfully suggest to all trial courts that a trial court's explicit reference to whether or not it is relying on a prosecutor's sentencing recommendation would assist us in handling future appeals in this area.

[6] Smith makes two additional arguments regarding prejudice: (1) that he does not have to prove prejudice in this case; and (2) that to satisfy the prejudice prong, he need only show that the outcome of the proceedings would have been different, not that a different or lesser sentence would have been imposed. Smith has failed to provide any controlling

noted above, our review of the record reveals that the trial court ignored the prosecutor's recommendation; hence, Smith has not proven that there is reasonable probability to undermine confidence in the outcome of the sentencing hearing. We must therefore reject his ineffective assistance of counsel claim.[7]

*By the Court.*—Order affirmed.

FINE, J. (*concurring*). As he did in his dissent/concurrence in *State v. Flynn*, 190 Wis. 2d 31, 58–64, 527 N.W.2d 343, 354–356 (Ct. App. 1994) (Schudson, J. dissenting), the dissenting judge here blurs the distinction between a trial error to which an

---

authority on either contention and, therefore, we reject both. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633, 642 (Ct. App. 1992) (appellate court may decline to address issues that are inadequately briefed; arguments that are not supported by legal authority will not be considered).

[7] The dissent states that *Strickland v. Washington*, 466 U.S. 668 (1984) stands for the proposition that "result" of a sentencing hearing is the sentence recommendation and the "outcome" of the sentencing hearing is the sentence. This does not comport with *Strickland*. *Strickland* defines the prejudice prong: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In applying this standard, the Supreme Court specifically references "the sentence" as the result/outcome of the sentencing hearing. *Id.* at 700 ("Given the overwhelming aggravating factors, there is no reasonable probability that the omitted evidence would have changed the conclusion that the aggravating circumstances outweighed the mitigating circumstances and, hence, *the sentence imposed.*") (emphasis added).

828

objection is made timely, and a trial error that is raised in the context of an ineffective-assistance-of-counsel claim. When a defendant objects timely to a trial error, and that error is not cured by the trial court, our inquiry is whether the error was harmless beyond a reasonable doubt. *State v. Dyess*, 124 Wis. 2d 525, 544 n.11, 370 N.W.2d 222, 232 n.11 (1985); *Flynn*, 190 Wis. 2d at 51 n.7, 527 N.W.2d at 351 n.7. The State has the burden of proof. *Ibid.* On the other hand, when a defendant does not object and, as a result, claims that his or her trial counsel was ineffective, our inquiry is whether the trial lawyer's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of this case, where there was no "trial," the inquiry focusses on whether the trial lawyer's errors "were so serious as to deprive the defendant of a fair [proceeding], a [proceeding] whose result is reliable." *See ibid.* As recently restated, the "prejudice" component of *Strickland* "focusses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 113 S. Ct. 838, 844, 122 L.Ed.2d 180, 191 (1993). The defendant has the burden to prove "prejudice." *Dyess*, 124 Wis. 2d at 544 n.11, 370 N.W.2d at 232 n.11.

Contrary to the dissent's contention, "prejudice" under *Strickland* must be something more than the fact that there was an error at trial or that the defendant did not receive the benefit of a procedural protection. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (A "substantive constitutional claim" and a related ineffective assistance claim " 'have separate identities

and reflect different constitutional values.' ").[1] Simply put, the prejudice-prong of the ineffective-assistance-of-counsel analysis is not satisfied unless the defen-

[1] Both the Dissent and the State contend that the defendant is entitled to be resentenced because, in the State's words as adopted by the Dissent, the defendant did not receive "the performance [of the plea bargain] [he] bargained for." Dissent at 833. If this were the test, however, the two-stage methodology for assessing ineffective-assistance-of-counsel claims established by *Strickland v. Washington*, 466 U.S. 668 (1984), would be a dead letter. For example, every defendant is entitled to a plethora of constitutional protections, the denial of which would entitle the defendant to relief if the defendant objects timely. On the other hand, if the defendant claims that he or she did not object timely because of deficient lawyering by his or her trial counsel, the defendant must establish "prejudice" under *Strickland*. Thus, for example, in *Lockhart v. Fretwell*, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993), the defendant in that capital case was sentenced to death because his lawyer ignored the then prevailing rule in the Eighth Circuit that, as stated by *Fretwell*, "a death sentence is unconstitutional if it is based on an aggravating factor that duplicates an element of the underlying felony." *Id.*, 113 S. Ct. at 841, 122 L.Ed.2d at 187 (citing *Collins v. Lockhart*, 754 F.2d 258 (8th Cir. 1985), *cert. denied*, 474 U.S. 1013). *Fretwell* noted that Fretwell would not have been sentenced to death if his trial counsel had objected during the death-penalty phase to consideration of the aggravating factor. *Id.*, 113 S. Ct. at 842, 122 L.Ed.2d at 188. Nevertheless, Fretwell's ineffective-assistance-of-counsel claim failed because *Collins* was subsequently overruled, and, therefore, Fretwell could not prove "prejudice" as required by *Strickland. Fretwell*, 113 S. Ct. at 843–844, 122 L.Ed.2d at 188–191. In *Fretwell*, trial counsel's deficient performance deprived the defendant of application of the then-existing rule enunciated by *Collins*; here, trial counsel's deficient performance deprived the defendant of the benefit of his plea-bargained deal (silence by the prosecutor). In both cases, however, there was no *Strickland* "prejudice."

dant can prove that the "proceeding [was] fundamentally unfair." *Fretwell*, 113 S. Ct. at 844, 122 L.Ed.2d at 191. For the reasons fully explained in Judge Wedemeyer's opinion for the majority, in which I fully join, Tony M. Smith, the defendant here, has failed to make that showing; Smith has not demonstrated either that the trial court applied improper sentencing standards or that the trial court relied on the prosecutor's inadvertent sentencing recommendation. *See Strickland*, 466 U.S. at 695 ("The assessment of prejudice should proceed on the assumption that the decision maker is reasonably, conscientiously, and impartially applying the standards that govern the decision."). All of the cases upon which the dissent relies were cases where the defendant objected to a breach of the plea bargain; the dissent cites no authority for the unique proposition it and the State assert—namely, that a prosecutor's breach of a plea bargain is, *ipso facto*, "prejudice" under *Strickland*. We appropriately decline to adopt such a *per se* rule here.

SCHUDSON, J. (*dissenting*). I disagree with the majority's analysis of the prejudice prong of ineffective assistance of counsel in this case. Interestingly enough, so does the Attorney General. Conceding the merits of Smith's argument, the Attorney General's brief explains why Smith is correct:

> The state's concession that Smith is entitled to relief on the merits of his ineffectiveness claim recognizes the following matters. First, the state failed to abide by a portion of the parties' plea agreement: the state agreed to make no sentencing recommendation, and, at sentencing, the prosecutor [inadvertently] recommended a sentence of a partic-

ular term. Second, the circuit court was correct in its determination that defense counsel's failure to object to the state's breach of the plea agreement constituted deficient performance by defense counsel within the meaning of the two-part standard of *Strickland v. Washington*, 466 U.S. 668, 688 (1984), for assessing claims of ineffective assistance of trial counsel. Third, the state agrees with Smith that the circuit court erred in holding that the second part of the *Strickland* test, prejudice from counsel's deficient performance, was not established here.

The circuit court held that there is nothing in the record "to suggest that the court would have imposed a lesser sentence in this case, or that it would have gone along with defense counsel's recommendation[,]" if the prosecutor had kept his promise to make no recommendation on sentencing rather than recommending a sentence of almost five years on Smith's felony conviction for burglary. The state agrees with Smith that this was an improper application of the *Strickland* prejudice standard in the context of defense counsel's failure to object to a conceded violation by the state of its sentencing recommendation obligations under a plea agreement. Where a claim of a prosecutor's breach of a plea agreement on sentencing is considered by itself, it is clear that the question is not whether the prosecutor's improper recommendation affected the trial court's sentencing decision, but whether the prosecution complied with the plea agreement or not. As this court has stated, "the possibility that the trial court could have disregarded the [prosecutor's] recommendation is not relevant. Here, the prosecutor did not unqualifiedly make the sentence recommendation bargained for and so breached the plea agreement." *State v. Poole*, 131 Wis. 2d 359, 364, [394 N.W.2d 909, 911] (Ct. App. 1986). What the defense is denied in such a case—the prejudice the

832

> defendant sustains—is the absence of the performance it bargained for. Because of the breach of the plea agreement, the proceedings have been rendered flawed and unfair. The question is not whether the prosecutor's abiding by its sentencing recommendation would have produced a different sentence. The question is not whether the outcome of the sentencing would have [been] different if defense counsel had objected at the time to the state's failure to stick with its promise not to recommend a sentence. Instead, the question is whether the sentencing proceeding itself would have been different but for trial counsel's failure to object. The state and the defense agree in these circumstances that the answer is yes: the sentencing hearing would have been different because the state's error would have been noted and corrected, and the defendant would have obtained the benefit of what he had bargained for. Thus, the integrity of the plea process would have been ensured.

Respondent's brief at 10-12 ("[inadvertently]" added in place of omitted footnote; *Poole* citation corrected; "[been]" added; all other brackets in Respondent's brief).

The majority mistakenly asserts that Smith has argued "that he does not have to prove prejudice in this case," and that he "has failed to provide any controlling authority" in support of his contention. Majority op. at 827-828 n.6. On the contrary, both Smith and the Attorney General have carefully briefed this issue, cited extensive authority, acknowledged that prejudice must be established, and explained that prejudice under these circumstances consists not in proving that a different sentence would have been ordered, but rather, that a different State recommendation would have been expressed.

The authority supporting Smith's and the Attorney General's argument is overwhelming. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court drew the distinction between the "result" (in this case, the sentence recommendation) and the "outcome" (in this case, the sentence):

> The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.

*Id.* at 694. Indeed, in reiterating *Strickland*'s prejudice prong, Chief Justice William Rehnquist explicitly rejected the theory now presented by the majority's attempt to equate unreliable results of a proceeding with an outcome determination:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S., at 687, 80 L.Ed.2d 674, 104 S.Ct. 2052; see also Kimmelman v. Morrison, 477 U.S. 365, 374, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); Nix v. Whiteside, supra, [475 U.S. 157], at 175, 89 L.Ed.2d 123, 106 S.Ct. 988. Thus, *an analysis focussing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.*

*Lockhart v. Fretwell*, 122 L.Ed.2d 180, 189 (1993) (emphasis added).

Further, years before *Strickland*, the Supreme Court resolved the very issue on which Smith and the Attorney General agree. In *Santobello v. New York*, 404 U.S. 257 (1971), at the guilty plea proceeding the prosecutor agreed to make no sentencing recommendation. *Id.* at 258. At the subsequent sentencing, however, another prosecutor inadvertently recommended a one-year sentence. *Id.* at 259. The sentencing judge stated, "I am not at all influenced by what the District Attorney says. . . . It doesn't make a particle of difference what the District Attorney says he will do, or what he doesn't do." *Id.* Nevertheless, the Supreme Court concluded:

> It is now conceded that the promise to abstain from a recommendation was made, and at this stage the prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial. . . .
>
> We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case [for either resentencing by a different judge or plea withdrawal].[1]

---

[1] In Wisconsin courts, "the appropriate remedy for the State's breach of its agreement is resentencing." *State v. Poole*, 131 Wis. 2d 359, 365, 394 N.W.2d 909, 911-912 (Ct. App. 1986).

*Id.* at 262-263.[2]

Under substantial authorities including *State v. Poole*, 131 Wis. 2d 359, 394 N.W.2d 909 (Ct. App. 1986), *Strickland*, *Santobello*, and *Lockhart*, Smith is entitled to relief. Accordingly, I respectfully dissent.

[2] Given that the sentencing judge in *Santobello* explicitly declared that the prosecutor's recommendation did not influence the sentencing decision, the rationale of *Santobello* renders the majority's opinion particularly peculiar in one other respect. The majority "suggest[s] to all trial courts that a trial court's explicit reference to whether or not it is relying on a prosecutor's sentencing recommendation would assist us in handling future appeals in this area." Majority op. at 827 n.5. Under *Santobello*, of course, such an "explicit reference" would make no difference. *See id.* at 262-263. Further, it seems improvident for this court to suggest that in the real world of sentencing, trial judges now should attempt to articulate whether they are influenced by a prosecutor's recommendations in countless cases every day, on the outside chance that one of them may result in an appeal on this rarely raised issue.