PER CURIAM.
¶ 1 Kevin Williams appeals a judgment of conviction and an order denying his motion for postconviction relief. We affirm.
¶ 2 Williams was originally charged with second-degree sexual assault as a repeater, but pled no contest to third-degree sexual assault as a repeater. Williams argues that the prosecutor breached the plea agreement as to the agreed upon sentencing recommendation. His argument is based on the prosecutor having become emotional at the end of the State's argument. This exchange OCCURRED:
[PROSECUTOR:] I wish-
THE COURT: Do you need a recess, Mr. Knaapen?
[PROSECUTOR:] I wish I could do more for [the victim]. But I think I've done what I can for her by reaching this agreement. So, that's the State's recommendation.
¶ 3 Williams argues that the prosecutor breached the plea agreement and that his attorney was ineffective by not objecting to the breach. He argues that the prosecutor caused a breach in two ways: by personalizing the victim's position through his emotional display and through the words he used. The combined effect, Williams argues, was that the prosecutor conveyed to the circuit court that he strongly wished he could do more for the victim by recommending a longer sentence, but regretted that he was not able to because he had been unable to achieve that goal in negotiating the agreement. Williams argues that in this way the prosecutor effectively informed the court that the prosecutor believed a more severe sentence was appropriate.
¶ 4 It is a breach of the plea agreement if the prosecutor does not accurately present the negotiated sentencing recommendation. See State v. Williams , 2002 WI 1, ¶ 38, 249 Wis. 2d 492, 637 N.W.2d 733. If the breach is material and substantial, the plea agreement may be vacated or the defendant resentenced. Id. A breach is material and substantial if it defeats the benefit that the accused bargained for. Id. Whether the State's comments breached the plea agreement is a question of law. Id. , ¶ 35.
¶ 5 We conclude that there was not a material and substantial breach of the plea agreement. The prosecutor's conduct was ambiguous. As the State points out, the prosecutor may have been only acknowledging the victim's suffering and expressing unhappiness that he was not able to make her whole in ways that went beyond the legal process.
¶ 6 Williams argues that his case is like State v. Poole , 131 Wis. 2d 359, 394 N.W.2d 909 (Ct. App. 1986), where we held that the State breached the plea agreement by referring to "other instances" involving the defendant that the State did not know about when it agreed to the plea, and then stated: "But that is our agreement." Id. at 360. There, the State's "but" statement clearly implied that if the State had known the information sooner, it would not have made that agreement.
¶ 7 Here, however, the State's "but" did not precede the recommendation. Instead, it preceded the prosecutor's statement that he had done what he could for the victim. The use of the "but" phrase in this context does not resolve the ambiguity present in the prosecutor's statement in a way that assists Williams.
¶ 8 Williams also argues that his trial counsel was ineffective at sentencing by using negative language to describe him and by failing to present positive information about Williams. To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that such performance prejudiced his defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). We need not address both components of the analysis if defendant makes an inadequate showing on one. Id. at 697. To demonstrate prejudice, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Id. The determination of deficient performance and prejudice are questions of law that we review without deference to the circuit court. State v. Pitsch , 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985).
¶ 9 Pursuant to the plea agreement, the prosecutor recommended time served (521 days) as initial confinement, and five years of extended supervision. The presentence report recommended five to six years of initial confinement and three to four years of extended supervision. The court imposed a sentence of three years of initial confinement and four years of extended supervision.
¶ 10 Even if we assume that counsel's performance was deficient at sentencing, we conclude there was no prejudice. There were other, more significant, factors in the court's sentencing decision besides counsel's remarks and any lack of positive information. The presentence report itself recommended a sentence longer than given by the circuit court. And, in imposing sentence, the circuit court relied on its own views of Williams and his conduct, such as the lack of respect for others that Williams showed, his views about women, his illegal ways of making a living, and the need to protect the public in light of Williams' prior record. We are satisfied that there is no reasonable probability of a different outcome.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).