# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 9, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP21-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF81**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

ROBERT K. NIETZOLD, SR.,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Vernon County: DARCY JO ROOD, Judge. *Reversed and cause remanded with directions.*

Before Blanchard, P.J., Kloppenburg, and Nashold.

¶1 KLOPPENBURG, J. Robert Nietzold pleaded no contest to and was convicted of repeated sexual assault of the same child. Under a plea agreement between the State and Nietzold, the prosecutor at sentencing could

recommend a prison sentence but could not recommend any specific term of years. However, at the sentencing hearing the prosecutor made comments on the merits of the specific sentence recommendation of the Department of Corrections (the department) and separately recommended a specific term of imprisonment.[1] Nietzold appeals the circuit court's denial of his motion for a new sentencing hearing on the ground that this was a breach of the plea agreement. We conclude that the prosecutor's sentencing recommendations constituted a material and substantial breach of the plea agreement and, accordingly, due to the errors by the State and through no fault of the circuit court, we reverse and remand to the circuit court for resentencing by a different judge.

## BACKGROUND

¶2    The State filed a criminal complaint charging Nietzold with five counts of second degree sexual assault of a child, in violation of WIS. STAT. § 948.02(2) (2017-18).[2] The State and Nietzold entered into a plea agreement under which Nietzold agreed to plead no contest to an amended information containing one charge of repeated sexual assault of the same child, in violation of WIS. STAT. § 948.025(1)(e). Nietzold agreed that the prosecutor at sentencing could argue for a prison sentence but the State agreed that the prosecutor could not argue for any specific term of imprisonment. At the plea hearing the circuit court

---

[1] We do not state in this opinion what the prosecutor said about the department's recommendation nor what the State's specific sentencing recommendation was. We omit these references in an attempt to avoid compounding the State's error for purposes of the resentencing that will follow remand before a circuit court judge different from the original sentencing judge. Therefore, the portions of the sentencing transcript that are quoted in this opinion have been edited to remove these references.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

accepted the plea, found Nietzold guilty, and ordered the department to create a presentence investigation report (PSI).

¶3    At the sentencing hearing, the prosecutor's sentencing remarks included comments on the merits of the department's specific recommendation for a term of initial confinement and extended supervision contained in the PSI. The prosecutor also made a specific recommendation for a term of initial confinement and extended supervision. We now reproduce a redacted version of the pertinent section of the prosecutor's remarks:

> So what is—again, what's the magic number? And as I've said before, that's a difficult position that this Court is in. [Redacted references to PSI recommendation.]
>
> Judge … again, whether that's the right number, not the right number, [the victim] was talking about the maximum term, which would be 40 years, 25 in and 15 out. Again, I don't know what the number is. I don't know what the magic number is. [Redacted references to PSI recommendation.]
>
> Judge, the only thing I would ask the Court to consider would be [redacted recommendation] years. Maybe keep Mr. Nietzold on extended supervision for a [redacted recommendation] year period rather than the [redacted PSI recommendation] that's being requested.
>
> So I guess that's what I would ask that the Court consider, is a [redacted recommendation] year sentence with [redacted recommendation] years of initial confinement and [redacted recommendation] years of extended supervision. That would be a—depending upon potentially early discharge from prison at some point, that would be about [redacted recommendation] years out that he would be under some formal either incarceration or supervision, which I think just makes some sense in regards to the heinous nature of these crimes. And so that's what I would ask the Court to consider in regards to the sentence.

¶4     At the beginning of his sentencing argument, defense counsel pointed out that the State had violated its agreement that the prosecutor would not make a specific sentence recommendation, and the following exchange took place:

> [PROSECUTOR]: And, Judge … I wish [defense counsel] would have mentioned that.   And that's an accurate statement, Judge. So—
>
> THE COURT:  So you'll make no recommendation separate from that of the PSI.
>
> [PROSECUTOR]: Well, not even that.   Just a prison sentence.
>
> THE COURT:  Okay.  All right.

¶5     In imposing sentence, the circuit court remarked that "[t]he State recommended [redacted] years."  The prosecutor then interrupted by saying, "I didn't make a recommendation."  The court said that it had meant to refer to the department's recommendation when it said "the State," and did not mean to refer to the prosecutor.  The court further remarked, "Thank you for clarifying that.  I would not want the record to state that, because I did not listen to what you were saying, essentially were echoing what the PSI said."  The prosecutor then again said, "I was not to make any recommendation."  To which the circuit court replied, "I get that.  I'm just saying it was [the department].  It was [the department] that made this recommendation."

¶6     The circuit court imposed a sentence comprising fifteen years of initial confinement and ten years of extended supervision.[3]

---

[3] The sentence imposed by the circuit court did not match either the department's recommendation or the prosecutor's recommendation.

¶7 Nietzold filed a postconviction motion for resentencing, arguing that the State materially and substantially breached the plea agreement by recommending a specific length of imprisonment.[4] The circuit court denied the motion without granting a hearing. Nietzold appeals.

## DISCUSSION

¶8 The parties agree that the State breached the plea agreement at the sentencing hearing based on the specific sentencing recommendations made by the prosecutor. Their dispute centers on whether that breach was material and substantial. We first state the standard of review and summarize the applicable legal principles. We then apply those principles to the facts from the sentencing hearing and explain our conclusion that the State materially and substantially breached the plea agreement. We finally address and reject the State's arguments to the contrary.

### I. Standard of Review

¶9 "Whether the State breached a plea agreement is a mixed question of law and fact." *State v. Naydihor*, 2004 WI 43, ¶11, 270 Wis. 2d 585, 678 N.W.2d 220. The terms of the plea agreement and the facts surrounding the State's alleged breach are questions of fact that we review under the clearly erroneous standard. *Id.* "Whether the State's conduct constitutes a material and substantial breach of the plea agreement is a question of law that this court reviews de novo." *Id.*

---

[4] In the postconviction motion, Nietzold alternatively argued that, in the event the State asserts that the issue of the breach was forfeited due to an untimely objection, Nietzold's trial counsel was ineffective. Nietzold renews this alternative argument on appeal. However, the State does not dispute that trial counsel preserved the issue for appeal and so we need not address the ineffective assistance of counsel claim.

## II. Applicable Legal Principles

¶10    A criminal defendant "has a constitutional right to the enforcement of a negotiated plea agreement." *State v. Williams*, 2002 WI 1, ¶37, 249 Wis. 2d 492, 637 N.W.2d 733. "[O]nce an accused agrees to plead guilty in reliance upon a prosecutor's promise to perform a future act, the accused's due process rights demand fulfillment of the bargain." *Id.*; *see also State v. Ferguson*, 166 Wis. 2d 317, 321, 479 N.W.2d 241 (Ct. App. 1991) ("If a guilty plea 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'").

¶11    The State breaches the agreement by any failure by the prosecutor to present the negotiated sentencing recommendation. *Williams*, 249 Wis. 2d 492, ¶38. However, "[a]n actionable breach must not be merely a technical breach; it must be a material and substantial breach." *Id.* "A material and substantial breach is a violation of the terms of the agreement that defeats the benefit for which the accused bargained." *Id.* "When the breach is material and substantial, a plea agreement may be vacated or the accused may be entitled to resentencing." *Id.* Here, the parties agree that the proper remedy would be resentencing.

¶12    "[W]hen a prosecutor agrees to make no sentence recommendation but instead recommends a significant prison term, such conduct is a material and substantial breach of the plea agreement." *State v. Smith*, 207 Wis. 2d 258, ¶38, 558 N.W.2d 379 (1997); *see also Williams*, 249 Wis. 2d 492, ¶¶45-51, 58-9 (concluding that the State materially and substantially breached the plea agreement by references in its sentencing remarks to the PSI and other sources that "undercut" the negotiated plea agreement).

### III. Application to Nietzold's Sentencing

¶13 As summarized above, Nietzold agreed to plead no contest to the single count in the amended information and accepted that the prosecutor at sentencing could argue for prison. The State agreed that the prosecutor would not make a recommendation of any specific term of imprisonment. However, at sentencing, the State's sentencing remarks included both comments on the merits of the specific sentence recommended in the PSI and a recommendation for a specific sentence.

¶14 Both of these components of the prosecutor's sentencing remarks contravened a material obligation of the State under the plea agreement by providing the circuit court with specific recommendations that the State indicated the court should consider imposing. We conclude that the prosecutor's comments addressing the merits of the specific terms of initial confinement and extended supervision in the PSI amounted to a recommendation of a specific sentence and therefore materially breached the agreement. When a prosecutor comments on the merits of the specific terms of initial confinement and extended supervision recommended in the PSI after the State has agreed not to recommend a specific sentence, the prosecutor risks materially breaching the plea agreement, and the prosecutor's comments did so here. Further, it is self-evident that the prosecutor's recommendation for specific terms of initial confinement and extended supervision materially breached the plea agreement. As to both components, the prosecutor's conduct deprived Nietzold of the benefit of the plea agreement based on his expectation that the prosecutor would not make a specific sentencing recommendation. *See* ***Smith***, 207 Wis. 2d 258, ¶21. Accordingly, the State's sentencing remarks constituted a material and substantial breach of the plea agreement, requiring resentencing by a different judge.

7

#### IV. The State's Arguments

¶15 The State argues that, "[t]hough the prosecutor breached the agreement, Nietzold is not entitled to relief because he fails to show that he was actually deprived of the benefit of this term of the agreement." The State's position is there was not a material and substantial breach because "[Nietzold's] attorney objected to the erroneous recommendation, and the prosecutor withdrew it and clarified that the State's position was to request prison without seeking a specific prison term." However, the State fails to cite any legal authority to support the proposition that an after-the-fact accurate statement of the terms of the agreement under circumstances such as these is enough to restore the benefit of the State's promise and rectify a material and substantial breach of the agreement. We need not consider the State's argument further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (stating that we may disregard arguments unsupported by references to legal authority). Moreover, as we have summarized the law, *Smith* is to the contrary. *See Smith*, 207 Wis. 2d 258, ¶38; *see also Williams*, 249 Wis. 2d 492, ¶¶27, 29, 52, 59 (holding that the prosecutor's remarks constituted a material and substantial breach of the plea agreement even when, after defense counsel objected to the remarks as violating the terms of the agreement, the prosecutor affirmed the agreement).

¶16 The State argues that *Smith* is distinguishable because in that case, unlike here, defense counsel never objected to the prosecutor's making a specific sentencing recommendation contrary to the plea agreement. Based on this distinction, the State argues that, unlike Nietzold, the defendant in *Smith* "was actually denied the benefit of the State's promise not to recommend a specific sentence." However, the controlling statement of law in *Smith*—that the prosecutor's making a specific sentencing recommendation contrary to the plea

agreement was a material and substantial breach of the agreement—depended only on the premise that "the State's recommendation deprived [the defendant] of the benefit for which he negotiated." *Smith*, 207 Wis. 2d 258, ¶21. The court considered the significance of defense counsel's failure to object "to the breach" only for purposes of its analysis of the defendant's ineffectiveness of counsel claim. *Id.*, ¶¶21, 39. The reasoning in *Smith* applies directly here to establish that a material and substantial breach had already occurred before defense counsel raised the objection and the attempts at clarification began.

¶17    Finally, the State argues that sentencing courts "should be trusted to set aside information mistakenly provided at sentencing that may not be considered," and that here, the circuit court did not focus on the prosecutor's withdrawn recommendation. However, as the State acknowledges, "it is irrelevant whether the [circuit] court was influenced by the State's alleged breach or chose to ignore the State's recommendation." *State v. Howard*, 2001 WI App 137, ¶14, 246 Wis. 2d 475, 630 N.W.2d 244; *see also Santobello v. New York*, 404 U.S. 257, 262 (1971) (holding that because the prosecutor made an improper sentencing recommendation that constituted a breach of the plea agreement the court "need not reach the question" of whether the sentencing judge was influenced by the recommendation).

## CONCLUSION

¶18    For all of these reasons, we reverse and remand for resentencing by a different judge.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

Not recommended for publication in the official reports.